HONORABLE RONALD B. LEIGHTON

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| NEWTECH TOUCH-UP SYSTEMS, INC.,<br><br>Plaintiff,<br><br>v.<br><br>FRONT LINE READY GA LLC, et al.,<br><br>Defendants. | Case No. C09-5158RBL<br><br>ORDER ON PLAINTIFF'S MOTION TO COMPEL AND FOR SANCTIONS |

This matter is before the court on Plaintiff's Motion to Compel and for Sanctions [Dkt. # 47]. This Motion follows the Court's prior Order Granting Plaintiff claims that Defendants have failed to produce adequate discovery responses in the following areas:

1. Plaintiff claims that Defendants have withheld documents relevant to revenue and damages.

Plaintiff asserts that Defendants have failed to produce hundreds or thousands of pages of documents reflecting revenue earned by Defendants by marketing and demonstrating the accused method. Plaintiff claims that Defendants admit the existence of such documents. Plaintiffs further argue that the Court already Ordered the Defendants to produce the documents in Defendants' possession, in its August 11 Order.

Defendants' primary defense to the Motion is their claim that Plaintiff failed to meet and confer

ORDER
Page - 1

1 before filing it.  The Court agrees that a more enthusiastic effort to address the issues could have been
2 undertaken, even in light of the fact that this is the second such Motion on the disputed discovery issues.
3 Nevertheless, the Court will not strike or Deny the Motion based on the alleged failure to meet and
4 confer. Defendants do not appear to oppose the Motion as it relates to the documents related to revenue
5 and damages.  The Plaintiff's Motion to Compel those documents is GRANTED.

6
7      2.     Plaintiff claims that Defendants have withheld documents relevant to costs and damages.

8 This is a related issue, dealing with the costs Defendants incurred for the supplies used in the
9 practice of the accused method.   Defendants concede  that the tax returns provided encompass some of
10 these costs, but argue that the backup documentation is missing.  Plaintiff seeks an order compelling this
11 documentation, and granting time to conduct necessary depositions.  They also seek costs and fees
12 incurred in bringing the Motion.  In the absence of such production, Plaintiff seeks an order estopping the
13 Defendants from claiming these costs as an offset to any damages at trial.
14
15 Defendants argue that these costs are not relevant (and can be determined from the tax returns in
16 any event) because the real issue on damage is Plaintiff's own profit margin.  Plaintiff responds by
17 showing that the alleged infringer's costs and profits are relevant.  The Motion on this point is
18 GRANTED and Defendants are therefore ORDERED to produce the documentation sought as "backup"
19 for the numbers summarized in the Defendants' Response to Interrogatory No. 5.

20
21      3.     The parties have apparently resolved the issue related to evidence of prior art.

22      4.     Plaintiff claims that Defendants have withheld documents relevant to how they learned of
23           the accused method.  [Interrogatory No. 4].

24
25  Defendants argue that they have already produced these documents, and that it is not realistic or
26 required for them to outline in greater detail how they first learned of applying touch up paint to an
27 automobile.  The Court agrees.  Any further exploration of this subject should be done (or should have
28 been done) in a deposition.

ORDER
Page - 2

5. Plaintiff claims that Defendants have withheld discovery relevant to Defendants' "other methods."

Defendants again argue that they already produced information that is responsive to the Plaintiff's discovery on this issue. The Court agrees. The Motion to Compel additional articulation on this point is DENIED.

6. Finally, Plaintiff claims that Defendants have withheld documents relevant to the ownership structure of FrontLine Ready GA.

Defendants do not address this claim. The Motion to Compel such information is GRANTED. The Request for Sanctions is DENIED.

The discovery Ordered herein shall be provided within ten days of the date of this order. The parties are again encouraged to attempt to resolve any future discovery disputes without the necessity of motion practice.

IT IS SO ORDERED.

DATED this 31st day of January, 2011.

RONALD B. LEIGHTON
UNITED STATES DISTRICT JUDGE

ORDER
Page - 3